# FIRST NAT. BANK OF KAUFMAN v. DISMUKES et al. (No. 8656.)

(Court of Civil Appeals of Texas. Dallas. April 8, 1922.)

**1. Homestead ⬳133—Deed of trust on homestead may be removed as cloud on title.**

A deed of trust upon mortgagor's homestead may be canceled as a cloud upon title.

**2. Subrogation ⬳41(6) — Evidence held to show payment by bank was made, not from its own funds, but from those of depositor.**

As respects right of a bank to be subrogated to the rights of the holder of vendor's lien notes because of payment thereof by it, evidence *held* to show that such payment was not made by the bank from its own funds, but was made from deposit account with it of the owner of the land liable on the notes.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Suit by Minnie Kate Dismukes and husband against the First National Bank of Kaufman. From judgment for plaintiffs, defendant appeals. Affirmed.

Wynne & Wynne, of Kaufman, for appellant.

Ross Huffmaster, of Kaufman, for appellees.

VAUGHAN, J. On the 1st day of February, A. D. 1919, P. H. Dismukes, one of the appellees, was indebted to appellant in the sum of $9,500, and on said date executed his certain promissory note for that amount payable on demand after date—February 1, 1919—to the order of appellant. Appellees, on the 13th day of March, 1919, to secure the payment of said note, executed their deed of trust to one W. T. Nash, as trustee, conveying in trust the legal title to several tracts of land including the following tract with improvements thereon, situated in the city of Kaufman, Kaufman county, Tex.:

"A part of block No. 3, J. G. Moore addition, and beginning at S. W. corner of lot 2; thence S. 50 vrs.; thence E. 229 feet; thence N. 50 vrs.; thence W. 229 feet to the place of beginning."

Which deed of trust was recorded in the deed of trust records of Kaufman county January 1, 1920.

This suit was instituted by appellees to remove the cloud cast upon their title to the above property, their homestead, by the recording of said deed of trust, and to cancel and hold same for naught.

Appellees alleged and proved that they are, and were on and prior to November 1, 1917, husband and wife, and with their two minor children constituted a family; that on or about the 1st day of November, 1917, they purchased the above-described lot on which

there is, and was at said time, situated a dwelling house, barn, and other outhouses, and immediately moved upon same, and have from said date continually resided upon, used, occupied, and claimed same as their homestead; that about the 1st day of February, 1919, appellee P. H. Dismukes became and was indebted to appellant in about the sum of $9,500, and appellees executed the above deed of trust on their said homestead, including other exempt property.

Appellant by its pleadings contended and sought to prove that said deed of trust was executed by appellees for the purpose of securing appellant in the payment of said note for $9,500, and that $740 of the indebtedness for which said note was given was advanced by appellant to appellees to pay off a vendor's lien note for $500 and interest due on four other notes of $500 each, which sum was paid by appellant for appellees in January, 1919, and that appellant became thereby subrogated to the vendor's lien held by one C. B. Harton, the owner of said notes and lien against appellees' homestead, and that said deed of trust was executed for the purpose of securing this subrogated lien.

[1, 2] The trial was begun before a jury, but, by agreement of the parties, was withdrawn from the jury and submitted to the court. Judgment was rendered canceling and declaring said deed of trust void as to appellees' homestead and removing all cloud cast upon appellees' title thereto, which is amply sustained by the following facts established by the evidence:

Appellees executed deed of trust dated March 13, 1919, to W. T. Nash, trustee, on their homestead to secure appellant in the payment of one note for $9,500 dated February 1, 1919, due on demand. Said note was executed to cover two cotton acceptances which appellant held against appellee P. H. Dismukes. Appellees at the date of the trial had lived in the city of Kaufman for nine years. The property involved was bought from one C. B. Harton by appellees for a home, and since the date of purchase they have used it continuously as such.

On the day and prior to the time appellant paid to C. B. Harton the sum of $740, appellee P. H. Dismukes had deposited with appellant to his credit an amount of money more than sufficient to pay said sum of $740; that, on instructions of appellee P. H. Dismukes, appellant, acting through its assistant cashier, paid to C. B. Harton said sum, which was received by Harton in payment of the past-due note of $500 and interest on four other notes for $500 each held by him executed by appellee P. H. Dismukes and secured by vendor's lien on appellees' homestead; that at said time Harton canceled the note by writing thereon the word, "Paid," and signing his name thereto and leaving same with appel-

lant. Neither of appellees were present during said transaction. Said sum of $740 so paid was charged by appellant to the account of appellee P. H. Dismukes carried with said bank, and a charge check for said sum dated January 15, 1919, was issued by appellant and forwarded to and received by appellee P. H. Dismukes showing that appellant had paid out said sum and charged same to said appellee's account.

Appellee P. H. Dismukes testified:

"I did not have an agreement with appellant whereby it was to take up and extend the past-due note for $500 against my home held by C. B. Harton. * * * I went into the bank and told Mr. Krauss, assistant cashier, that Mr. Harton would bring a note there amounting to $700 and some odd dollars, and to pay it and charge it to my account. I made one deposit while I was in the bank and others that day. The deposit was sufficient to cover the note."

The judgment pronounced by the trial court is in accord with the law, and will therefore be affirmed.

Affirmed.